| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| VALERIE LOPEZ<br>158 N CENTER STREET<br>ORANGE CA 92866<br>714-769-2800<br>Debtor In PRO PER<br><br>☒ *Individual appearing without counsel*<br>☐ *Attorney for:* | FILED<br>MAR 0 1 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:             Deputy Clerk |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: VALERIE LOPEZ<br>      DEBTOR IN POSSESSION | CHAPTER: 11<br>CASE NO.: 8:10-bk-22755- RK |
| Debtor(s). | DATE: 3/15/11<br>TIME: 10:30 AM<br>CTRM: 5D<br>FLOOR: 5th Floor |

## RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT
**(MOVANT:** WELLS FARGO BANK, NA                    **)**
**(RESPONDENT:** ☒ **Debtor**   ☐ **Trustee**   ☐ **Other:** _____ **)**

*GENERAL NOTE: A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   *NOTE: If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date):*

   The reason for this request is *(specify):*

*(Continued on next page)*

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                              **F 4001-1M.RES**

Response to Motion for Relief from Stay - Page 2 of ____           **F 4001-1M.RES**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| VALERIE LOPEZ | Debtor(s). | CASE NO.: 8:10-bk-22755- |

3. ☐ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a. Respondent disputes the allegations/evidence contained in the Motion. As shown in the Declaration(s) filed with this Response:

   ☒ The value of the Property is $ 135,000.00 _____, based upon (specify):
   VALUE BASED ON MOVANT'S PRESENTMENT.

   ☒ Total amount of debt (loans) on the Property is $ 121,000.00 _____.

   ☐ More payments have been made to Movant than the Motion has accounted for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☐ The Property is necessary for an effective reorganization. Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☒ The Property is insured. A true and correct copy of the policy currently in effect is attached as Exhibit A _____.

   ☐ The Movant's description of the status of the unlawful detainer proceeding is not accurate. See attached Declaration for Respondent's evidence.

   ☐ Respondent denies that this bankruptcy was filed in bad faith or improperly. See attached Declaration containing Respondent's evidence.

   ☐ Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐ Service of the Motion:    ☐ Not all parties were served    ☐ Insufficient notice of the hearing

   ☐ Incorrect address used for (specify) _____

   ☐ Other (specify):

   b. Respondent asserts:

   ☐ Case has been converted from Chapter _____ to Chapter _____.

   ☐ All postpetition arrears will be cured by the hearing date.

   ☐ The Debtor has equity in the Property in the amount of $_____.

   ☐ Movant has an equity cushion of $_____ which is sufficient to provide adequate protection.

   ☒ The Property is necessary for an effective reorganization because (specify reasons why):
   THIS PROPERTY IS PART AND PARCEL OF DEBTOR FINANCIAL REORGANIZATION.

   ☒ The Motion should be denied because (specify):
   THE MOTION SHOULD BE DENIED BECAUSE THE MOVANT WELLS FARGO BANK NA HAS NO CONSTITUTIONAL AND NO PRUDENTIAL STANDING.

(Continued on next page)

Response to Motion for Relief from Stay - *Page 3 of* ____    **F 4001-1M.RES**

| In re VALERIE LOPEZ | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NO.: 8:10-bk-22755- |

4. **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> **NOTE RE SUPPORTING PAPERS:** *Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.*

> **NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS:** Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

- ☐ Declaration by Debtor
- ☐ Declaration by Trustee
- ☐ Declaration by Appraiser
- ☐ Other *(specify)*:
- ☐ Declaration by Debtor's Attorney
- ☐ Declaration by Trustee's Attorney
- ☒ Memorandum of Points and Authorities *(optional)*

Dated: 3/1/11

Respectfully submitted,

VALERIE LOPEZ
*Respondent's Name*

*Law Firm Name (if applicable)*

By: /s/ Valerie A. Lopez
*Signature*

Name: _____
*Attorney for Respondent or Pro Se Respondent*

**FARMERS**

# FARMERS NEXT GENERATION HOMEOWNERS POLICY
MID-CENTURY INSURANCE COMPANY, LOS ANGELES, CALIFORNIA
A Stock Company

**DECLARATIONS**
**HOMEOWNERS**
Replaces all prior Declarations, if any

**TRANSACTION TYPE:** CHG IN MTGEE AND/OR LOAN # EFF: 01/03/2011
The Policy Period is effective as shown below and after the time for which applied.

| POLICY NUMBER | POLICY PERIOD | | | POLICY EDITION |
|---|---|---|---|---|
| | FROM: | TO: | STANDARD TIME | |
| 93705-49-23 | 10-28-2010 | 10-28-2011 | 12:01 A.M. | 02 |

ISSUING OFFICE:
23175 NW Bennett St.
Hillsboro, OR 97124

**This policy will continue for successive policy periods, if:** (1) we elect to continue this insurance, and (2) if you pay the renewal premium for each successive policy period as required by our rates, rules, forms and premium plans then in effect.

**NAMED INSURED AND MAILING ADDRESS:**
VALERIE LOPEZ A SINGLE WOMAN

158 N CENTER ST
ORANGE CA  92866-1502

**LOCATION OR DESCRIPTION OF RESIDENCE PREMISES:**
(Same as mailing address unless otherwise stated.)

30160 MERRELL STREET
NUEVO CA  92567-9790

**COVERAGES** - We insure you for the coverages and limits indicated as covered by a specific limit or other notation. Those Section I - Extensions of Coverage and Section II - Liability Extensions of Coverage that are not shown below apply as described in the policy.

| SECTION I - PROPERTY | | | | SECTION II - LIABILITY | |
|---|---|---|---|---|---|
| A - DWELLING | B - SEPARATE STRUCTURES | C - PERSONAL PROPERTY | D - LOSS OF USE | E - PERSONAL LIABILITY | F - MEDICAL PAYMENTS TO OTHERS |
| | | | | Each Occurrence | Each Person |
| $208,000 | $20,800 | $156,000 | $83,200 | NIL | NIL |

| SECTION I - EXTENSIONS OF COVERAGE | | | | SECTION II - LIABILITY EXTENSIONS OF COVERAGE | | ANNUAL PREMIUM |
|---|---|---|---|---|---|---|
| EXTENDED REPLACEMENT COST - COVERAGE A | CONTENTS REPLACEMENT COST - COVERAGE C | BUILDING ORDINANCE OR LAW | IDENTITY FRAUD COVERAGE | PERSONAL INJURY | LOSS ASSESSMENT | |
| $52,000 | COVERED | 10% | $30,000 | NOT COVERED | $10,000 | $473.24 |

**ENDORSEMENTS**

| ENDORSEMENT NUMBER | EDITION NUMBER | DESCRIPTION |
|---|---|---|
| CA045A | 1ED | NGHO - ENDORSEMENT AMENDING SECTION I PROPERTY CONDITIONS |
| 258531 | 1104 | CALIFORNIA NOTICE OF INFORMATION PRACTICES |
| 438BFU | 542 | LENDER'S LOSS PAYABLE ENDORSEMENT |

**DISCOUNTS**

AUTO/HOME, EXPERIENCE RATING PLAN, AND INTERIOR INSPECTION DISCOUNTS HAVE BEEN APPLIED TO YOUR POLICY.

**DEDUCTIBLES**

Deductible applicable to each covered loss:
$3,000

**POLICY ACTIVITY**

| | | |
|---|---|---|
| $ NONE | Previous Balance | |
| | Premium | |
| | Fees | |
| | Payments or Credits | |
| $ NONE | Total | |
| INSURED PAYS | | |

ANY "TOTAL" BALANCE OR CREDIT $7.00 OR LESS WILL BE APPLIED TO YOUR NEXT BILLING. BALANCES OVER $7.00 ARE DUE UPON RECEIPT.

Countersignature

This Declarations page is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all other terms of the policy.

Authorized Representative

**AGENT:** Tyler Harms
**AGENT PHONE:** (714) 744-0733    **AGENT NUMBER:** 97 44 31L

56-5479  3RD EDITION  4-10    93705-49-23    *(Continued on the Reverse Side)*    01-04-2011

United States Bankruptcy Court

Central District of California

In re:                                          CHAPTER: 11
                                                CASE NO.: 8:10-bk-2275-RK

Valerie A. Lopez

Debtor
_____/

Debtor's Memorandum in support of Objection to Movant's Motion for Relief from

Automatic Stay

Statement of Facts

1. This is a core proceeding under 28 USCA § 157(b) (2) over which the Court has jurisdiction pursuant to 28 USCA §1334(b), § 157(a), and § 157(b)(1).

2. The Movant is not a Real Party in Interest, and subsequently has no standing to in Compliance to Title 11 USCA § 362d.

3. The Mortgage Originator GN Mortgage LLC is direct subsidiary of Guaranty Bank FSB, and as such is a "storefront" originating Mortgages pursuant to the Mortgage Loan Purchasing Agreement that moves in compliance to the Pooling and Servicing Agreement of the Real

1

Estate Mortgage Investment Conduit[1] wherein Wells Fargo Bank NA sits as the "Master Servicer".

4. The Mortgage Originator GN Mortgage LLC was moving under a Pooling and Service Agreement on behalf of the Real Estate Mortgage Investment Conduit wherein Wells Fargo Bank NA sits as the "Master Servicer".

5. The Mortgage Originator GN Mortgage LLC failed to record its assignment of its Mortgage Note to the Real Estate Mortgage Investment Conduit wherein Wells Fargo Bank NA sits as the "Master Servicer" and Wells Fargo Asset Securities Corporation stands as the "Seller".

6. Mortgage Electronic Registration Services is not mentioned in the promissory which substantiate said private entity is not a real party in interest, or beneficiary of the Mortgage Note.

7. The Mortgage Electronic Registration Services is not a Mortgage Originator, nor an Obligee, or Beneficiary of the Mortgage Note.

8. Mortgage Electronic Registration Services is not a mortgagee, but is named as such within the four Corners of the Pooling and Services Agreement of the Real Mortgage Investment Conduit, wherein Wells Fargo Bank NA is the "Master Servicer".

9. Mortgage Electronic Registration Services is acknowledged as a Nominee of GN Mortgage LCC in the Deed of Trust, which contradicts the contractual statement within the Pooling and Services Agreement of the Real Estate Mortgage Investment Conduit wherein Wells Fargo Bank NA is the "Master Servicer".

10. Mortgage Electronic Registration Services had no standing as a beneficial obligee to assign a Substitute of Trustee on behalf of the Wells Fargo Bank NA.

---

1. Mortgage Pass-Through Certificate Series 2005-13

11. China Brown is not a statutory employee of Mortgage Electronic Registration Services, and as such has no legal capacity to claim as such when appending a legal appellation upon the document presented as an Assignment of a Deed of Trust.

12. China Brown allegedly moving under the cover of Mortgage Electronic Registration Services had no written directions from GN Mortgage LLC for assignment of the Deed of Trust, as said Mortgagee had no interest in the Note at the time of the aforementioned China Brown's actions.

13. At the time of the assignment of the Deed of Trust by China Brown allegedly moving as a statutory employee in Service to Mortgage Electronic Registration Services to Wells Fargo Bank NA., GN Mortgage LLC had no beneficiary interest in the Mortgage Note.

14. Wells Fargo Bank NA is the loan servicer, not a mortgagee moving to transfer payments to the Real Estate Mortgage Investment Conduit for distribution to all contractual parties contractually engaged under the umbrella of the Pooling and Servicing Agreement.

15. Wells Fargo Bank NA is a loan servicer moving under the Wells Fargo Bank Servicing Agreement in compliance to the Pooling and Servicing Agreement.

16. Wells Fargo Bank NA has no Constitutional or prudential standing as said financial services entity sits as the "Master Servicer", wherein GN Mortgage LLC had deposited the Mortgage Note "Without Recourse" incompliance to the Pooling Servicing Agreement.

## Argument

Well Fargo Bank NA is a loan servicer, who has no standing as an obligee under the Mortgage Note or Deed of Trust. The Assignment of a Deed of Trust issued by Mortgage

3

Electronic Registration Services on November 10th, 2010, is a nullity as GN Mortgage LLC had no rights in the Mortgage Note or Deed of Trust at the time of the alleged assignment. Mortgage Electronic Registration Services had no written specific directions from its principal, N Mortgage LLC to issue any form of assignment of the Mortgage Note, and Deed of Trust. The California Civil Code § 2934a statutorily requires the Trustee to have legal standing to move an assignment. Mortgage Electronic Registration Services did not have the statutory authority as codified in California Civil Code § 2934a to legally effectuate a lawful Assignment of the Deed of Trust.

Wells Fargo Bank NA has no justiciable cause as it has no standing to claim beneficial interest under an improperly constructed Assignment of a Deed of Trust.

The California Civil Code § 2936 states an assignment of the Note may carry the security, yet an improper assignment substantiates this Movant, Wells Fargo Bank NA, the claimant lacks prudential standing as a Real Party in Interest.

This is not a question of who may hold the "Original Note", this is an issue of standing wherein the Movant Wells Fargo Bank NA is not able to substantiate it moves as the Real Party in Interest with standing as clearly articulated *In re Kang Jim Hwang*, 396 B.R. 757, 768-69 (Bankr. C.D. Cal. 2008).

The actions of GN Mortgage LLC depositing the note without assignment of the Deed of Trust in compliance to the Pooling and Services Agreement into the Real Mortgage Investment Conduit had the practical effect of splitting the Deed of Trust from the said promissory note. This splitting of the Note from the Deed of Trust makes it impossible for the any one claiming to be the holder of the note to effectuate standing as a real party in interest in this Court. This

action of the Mortgage originator GN Mortgage LLC substantiates the actions of Mortgage Electronic Registration Services moves in defiance to California Civil Code § 2936.

Mortgage Electronic Registration Services never held the Mortgage note, and relies upon its standing as Nominee to assign the Deed of Trust. The actions moved by Mortgage Electronic Registration Services under t signature China Brown subsequently deny Wells Fargo Bank NA standing first as real party in interest, and secondly denies them standing in this Court to move to lift the Automatic Stay.

The actions of GN Mortgage LLC inputting Mortgage Electronic Registration Services as a nominee does not comport with the laws of California for effectuating a lawful assignment of interest in the Mortgage Note, and as such Wells Fargo Bank NA's lacks a justiciable cause from which it may claim relief in this Court under Title 11 USCA § 362d.

## Conclusion

The Movant Wells Fargo Bank NA has willingly withheld exculpatory facts that expose its lack of standing in this Court. Facts that when exposed substantiate Wells Fargo Bank NA is moving first as the "Master Servicer" of the Real Estate Mortgage Investment Conduit where it is attempting to recoup funds it expended in compliance to the Pooling and Services Agreement to the Registered Certificate Holders and other parties.

The Movant Wells Fargo Bank NA knows well that Mortgage Electronic Registration Services was not a holder, nor a party to the Promissory Note, and as such the Assignment of the Deed of Trust is a nullity, which denies said Movant standing in this Court as a real party in interest.

5

**WHEREFORE** as the Deed of Trust has been constructively split from the Promissory Note, the Movant Wells Fargo Bank NA is not able to substantive it moves in this Court as a Real Party in Interest it motion for lift of the Automatic Stay should be denied "With Prejudice".

This Memorandum of Law presented to support the Debtor's Objection to the Movant's motion to lift the automatic stay has been submitted this 1st day of March 2011 by the hands of Valerie A. Lopez, Debtor in Possession.

_____
Valerie A. Lopez
158 N Center Street
Orange CA 92866
Telephone: 714-769-2800

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| VALERIE LOPEZ | Debtor(s). | CASE NO.: 8:10-bk-22755- |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as RESPONSE TO MOTION FOR RELIEF FROM STAY will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:
DATE STAMPED 3/1/2011 WITH COURT CLERK AND DROPPED INTO JUDGE'S MAIL BIN ON 5TH FLOOR.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 3/1/11 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
CHRISTOPHER M. MCDERMOTT (CA SBN 253411) CERTIFED MAIL
ERIC J. TESTAN (CA SBN 268919)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE SUITE 200  SAN DIEGO CA 92177-0933

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/1/11 | VALERIE LOPEZ | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009   F 4001-1M.RES

| In re VALERIE LOPEZ | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NO.: 8:10-bk-22755- |

**ADDITIONAL SERVICE INFORMATION** (if needed):

COPIES OF THIS MOTION AND OPPOSITION WERE FILED DIRECTLY WITH THE CLERK OF THE COURT ON MARCH 1, 2011. ONE COPY WAS NOTED "JUDGES COPY".

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of the foregoing **Debtor's Memorandum in support of Objection to Movant's Motion for Relief from Automatic Stay** has been posted by prepaid United States Postal Service first class certified mail[2] to: Erich J Testan (CA SBN 268919), Pite Duncan LLP, 4375 Jutland Drive, Suite 200, Post Office Box 17933, San Diego, California  92177-0933; Telephone 828 750 7600  Facsimile:  619 590 1385

Furthermore the Debtor hereby has submitted by regular mail through the United States Postal Service service of the **Debtor's Memorandum in support of Objection to Movant's Motion for Relief from Automatic Stay to the following parties:** *Advanta Bank Corp, Post Office Box 9217 Old Bethpage New York 11804; Bank of America, 7105 Corporate Drive, Plano, TX 750244100, The Home Depot, Post Office Box 653000, Dallas, TX 75265-3000, Sears/ Citibank, Post Office Box  6189, Sioux Falls, South Dakota 57117, The Radio Shack Post Office Box 6497, Sioux Falls, South Dakota  57117, Smokey Lane HOA , 840 Pinnacle Court # 9 Mesquite, Nevada 89027, Sears Charge Plus, Post Office Box 6283, Sioux Falls, South Dakota 57117-6283*

*/s/ Valerie A. Lopez*
Valerie A. Lopez
158 N Center Street
Orange CA 92866
Telephone: 714-769-2800

Pite Duncan LLP  Certified Mail 7010 0290 0003 4730 1713

2    United States Postal Service Certified Mail Receipt Number: