1 | Mark T. Domeyer, Esq.
California Bar No. 135008
2 | MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
3 | Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144
4 | File No. 10-03424

5 | Attorneys for Secured Creditor,
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE
6 | FOR THE CERTIFICATEHOLDERS CWMBS, INC, CHL MORTGAGE PASS-THROUGH
TRUST 2005-31 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-31
7 |

8 | UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
9 | SANTA ANA DIVISION

| | |
|---|---|
| 10  In re: | Case No.: 8:10-BK-22755-RK |
| 11  VALERIE LOPEZ DBA CASA BELLA REALTY, DBA GENEVA FINANCIAL | Chapter 11 |
| 12  SERVICES, | **OBJECTIONS TO THE APPROVAL OF THE DISCLOSURE STATEMENT** |
| 13  Debtor. | Hearing – |
| 14  THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE | Date:  April 27, 2011 Time: 11:00 A.M. |
| 15  FOR THE CERTIFICATEHOLDERS CWMBS, INC, CHL MORTGAGE PASS- | Place: U.S. BANKRUPTCY COURT 411 West Fourth Street |
| 16  THROUGH TRUST 2005-31 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES | Santa Ana, CA 92701 Courtroom 5D |
| 17  2005-31, | |
| 18  Secured Creditor, | |
| 19  vs. | |
| 20  VALERIE LOPEZ DBA CASA BELLA REALTY, DBA GENEVA FINANCIAL | |
| 21  SERVICES, Debtor, | |
| 22  Respondents. | |

23 | COMES NOW, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW

24 | YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWMBS, INC, CHL

1

1  MORTGAGE PASS-THROUGH TRUST 2005-31 MORTGAGE PASS-THROUGH
2  CERTIFICATES, SERIES 2005-31, as Servicer for BAC HOME LOANS SERVICING, LP
3  FKA COUNTRYWIDE HOME LOANS SERVICING, L.P., Class 1 Secured Creditor in the
4  above-entitled Bankruptcy proceeding ("Secured Creditor") and submits the following
5  Objections to Debtor's Motion to for approval of Disclosure Statement and Plan of
6  Reorganization ("Disclosure Statement") and in support of its objections, Secured Creditor states
7  as follows:
8      The Debtor, who is in pro per, filed a "Motion to Submit the Reorganization Plan to this
9  Court in Compliance to (sic) Local Bankruptcy Rules---The Debtor comes to the Court
10 requesting and Approval of the Reorganization Plan ("Plan Approval Motion") filed March 14,
11 2011 as docket entry no. 38. If the Debtor seeks confirmation of the Plan on the same date as
12 consideration of the adequacy of the Disclosure Statement the Secured Creditor objects to the
13 procedure as the Disclosure Statement fails to impart adequate information so that it would be in
14 appropriate to dispense with the normal two-step procedure calling for approval of a disclosure
15 statement and then solicitation of acceptances and the normal balloting and objection procedure
16 for confirmation of a plan. The Motion for Approval of the Disclosure Statement and the Plan
17 Approval Motion do not provide a notice of hearing but the docket indicates that a hearing is set
18 on April 27, 2011.

**A. THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION. 11 U.S.C. §1125 (a)(1).**

21     In order for a Debtor's Chapter 11 Disclosure Statement to be approved, it must comply
22 with the provisions of 11 U.S.C. §1125(a)(1) that requires that the Disclosure Statement provide:
23 "information of a kind, and in sufficient detail, as far as is reasonably practicable in light
24 of the nature and history of the debtor and the condition of the debtor's books and

2

1 records, that would enable a hypothetical reasonable investor typical of holders of claims

2 or interest of the relevant class to make an informed judgment about the plan..."

3 When interpreting "adequate information," the Courts have developed checklists of

4 information necessary to satisfy the requirements of section 1125 which include:

5 a. Events giving rise to the Chapter 11 filing.
b. A description of the Debtors' assets and the values thereof.
6 c. Anticipated future of the Debtors.
d. The present financial condition of the Debtors.
7 e. Discussion of all secured claims and their treatment under the Plan.
f. A liquidation analysis.
8 g. Accounting principles used and reliability of experts.
h. Qualifications of future management.
9 i. Estimates of administrative expenses.
j. Risks to creditors under the Plan.
10 k. Feasibility analysis.
l. Possible recovery of preferences and fraudulent conveyances.
11 m. Tax consequences of the Plan.
n. Proposed payments and relations with affiliates.
12 o. Source of information in the Disclosure Statement.

13 (*In Re Metrocraft Publishing Service, Inc.*, 39 B.R.567 (Bankr.N.D. GA. 1984); *In Re A.C.*

14 *Williams Co.*, 25 B.R. 173 (Bankr. N.D. Oh. 1982); *In Re William F.Gable Co.*, 10 B.R. 248

15 (Bankr.N.D. W.Va. 1981)).

16 The bankruptcy court may disapprove of a disclosure statement, even if it provides

17 adequate information about a proposed Chapter 11 plan, if plan could not possibly be confirmed.

18 See, In re Main Street AC, Inc. 234 B.R. 771 (Bankr. N.D. Cal. 1999). If a Chapter 11 plan is

19 patently unconfirmable on its face, the application to approve the disclosure statement must be

20 denied, as solicitation of the vote would be futile. 11 U.S.C. § 11225(a, b); In re Quigley Corp.

21 377 B.R. 110 (Bankr. S.D.N.Y. 2007).

22 //

23 //

24

3

### The Disclosure Statement and Plan fails to Provide for Classification of Claims as Required by 11 U.S.C. § 1123 and 1122

This Class 1 Secured Creditor holds the Trust Deed on the Debtor's property generally described as **158 N. Center Street, Orange, CA 92866**. Debtor's Plan lumps together several claims in Class one and indicates they are unimpaired. The Debtor's Disclosure Statement and fail to adequately provide for the classification of claims. Section 1123 of the Bankruptcy Code, dealing with contents of a plan provides first and foremost:

> (a) Notwithstanding any otherwise applicable non-bankruptcy law, a plan shall-
> (1) designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(2), 507(a)(3), or 507(a)(8) of this title, and classes of interests;
> (2) specify any classes of claims or interests that is not impaired under the plan;
> (3) specify the treatment of any class of claims or interests that is impaired under the plan;
> (4) provide the same treatment of each claim or interest of a particular class, unless the holder of the particular claim or interest agrees to a less favorable treatment of such particular claim or interest; . . .

The Disclosure Statement and Plan fail to provide for the classification of claims and interests as required by the foregoing and 11 U.S.C. § 1122. Instead, the Combined Disclosure Statement and Plan describes the various secured and unsecured claims of the estate in a general narrative fashion. It is axiomatic that Secured Claims need to be classified separately. Section 1122 codifies existing case law surrounding the classification of claims and equity securities and it requires classification based on the nature of the claim and interests classified. Debtor does not even attempt to classify claims.

Impairment is a term of art under the Bankruptcy Code, and for a claim to be truly unimpaired there can be no alteration of the creditor's rights. In re L&J Anaheim Assocs., 995

F.2d 940 (9th Cir. 1993). If the Secured Creditor is to be truly unimpaired its rights must be unaffected and it may exercise its rights in the collateral notwithstanding confirmation. If the treatment is as set forth in the Plan the Objecting Secured Creditor may vote and object to confirmation, which it has done.

The proof of claim filed by the Objecting Secured Creditor was in the total amount of $759,279.70, setting fourth pre-petition arrearages in the amount of $71,194.43. Debtor's Plan fails to provide for the pre-petition arrearages.

This case was filed on September 10, 2010. Debtor has failed to make all the post-petition payments to the Secured Creditor. Debtor failed to tender regular monthly payments in the months of February and October of 2010 through April 1, 2011 and as a result the loan is seven post-petition payments in arrears. In addition, the Debtor has failed to maintain post-petition real estate taxes and casualty insurance and the Secured Creditor was forced to make advances on January 6, 2010 in the amount of $889.55 for hazard insurance and on November 15, 2010 in the amount of $1,074.87 for property insurance and on March 17, 2011 in the amount of $1,074.87 for property insurance. The advances were post-petition and benefited the estate and as such would qualify as administrative expenses and would need to be paid in full on the effective date of the plan in accordance with 11 U.S.C. § 1129(a)(9) unless the Secured Creditor consents to different treatment. Both the pre-petition arrears and the post-petition advances are not addressed in the Disclosure Statement and Plan if the claim is to be treated as truly unimpaired the Debtor will either need to cure on the Effective Date or if the claim is treated as truly unimpaired the Secured Creditor will be able to exercise its remedies in its collateral.

The failure of the Debtor to make post-petition payments and to maintain taxes and insurance post-petition as required implicates the feasibility of the plan.

5

## CONCLUSION

WHEREFORE, Secured Creditor prays as follows:

(1) That approval of the disclosure statement be denied with leave to file an amended disclosure statement and plan;

(2) That the Court decline any request to consider confirmation of a Plan in conjunction with approval of the Disclosure Statement and follow the normal two-step procedure for approval of a disclosure statement and then solicitation of acceptances and balloting and objections to confirmation in a separate hearing.

(3) For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated:  April 11, 2011         By:  /s/ Mark T. Domeyer
                                    Mark T. Domeyer, Esq.
                                    Attorneys for Secured Creditor

6

**PROOF OF SERVICE**

I, ___Sandra Garcia___, certify that I am a resident of Orange County, I am over the age of eighteen (18) and not a party to the within action, and that my business address is: 1231 E. Dyer Road, Suite 100, Santa Ana, CA 92705.

On ___4/11/11___, I served the within **OBJECTIONS TO THE APPROVAL OF THE DISCLOSURE STATEMENT** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage pre-paid in the United States Mail at Santa Ana, California, addressed as follows:

| | |
|---|---|
| <u>DEBTOR:</u><br>Valerie A. Lopez<br>158 N. Center St.<br>Orange, CA 92866<br><br><u>20 LARGEST UNSECURED CREDITORS:</u><br>See Schedule F Attached List | <u>ATTORNEY FOR DEBTOR:</u><br>Pro Se<br><br><u>COUNSEL FOR U.S. TRUSTEE:</u><br>Nancy S Goldenberg<br>411 W Fourth St Ste 9041<br>Santa Ana, CA 92701-8000<br><br><u>U.S. TRUSTEE:</u><br>411 W. Fourth Street, Suite 9041<br>Santa Ana, CA 92701-4593 |

I certify that I am employed in the Office of a Member of the Bar at whose direction the Service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___4/11/11___, at Santa Ana, California.

/s/ Sandra Garcia

10-03424/cdmisc.dot/prl

7

B6F (Official Form 6F) (12/07) - Cont.

In re LOPEZ, VALERIE                                                      ,    Case No. _____
                    Debtor(s)                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 1993<br>Creditor # : 23<br>THE HOME DEPOT<br>P.O. BOX 653000<br>DALLAS TX 75265-3000 | | | | | | $ 370.00 |
| Account No: 4118<br>Creditor # : 24<br>THE RADIO SHACK<br>P.O. BOX 6497<br>SIOUX FALLS SD 57117 | | | | | | $ 252.00 |
| Account No: 7185<br>Creditor # : 25<br>WACHOVIA<br>P.O. BOX 659558<br>SAN ANTONIO TX 78265-9558 | | | | | X | $ 94,957.00 |
| Account No: 8805<br>Creditor # : 26<br>WACHOVIA<br>P.O. BOX 659558<br>SAN ANTONIO TX 78265-9558 | | | | | X | $ 293,685.00 |
| Account No: 1904<br>Creditor # : 27<br>WACHOVIA<br>P.O. BOX 659558<br>SAN ANTONIO TX 78265-9558 | | | | | X | $ 181,790.00 |
| Account No: 2382<br>Creditor # : 28<br>WELLS FARGO<br>P.O. BOX 10335<br>DES MOINES IA 50306 | | | | | X | $ 120,120.00 |

Sheet No. 4 of 4 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 691,174.00

Total $
(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related    $ 1,812,547.00

B6F (Official Form 6F) (12/07)

In re LOPEZ, VALERIE _____,    Case No. _____
                    Debtor(s)                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address Including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 8013<br>Creditor # : 1<br>ADVANTA BANK CORP<br>P.O. BOX 9217<br>OLD BETHPAGE NY 11804 | | | | | | $ 16,938.00 |
| Account No: 4848<br>Creditor # : 2<br>BANK OF AMERICA<br>7105 CORPORATE DRIVE<br>PLANO TX 75024-4100 | | | | | X | $ 62,910.00 |
| Account No: 7949<br>Creditor # : 3<br>BANK OF AMERICA<br>100 NORTH TRYON STREET<br>NORTH CAROLINA CA 28255-0001 | | | | | X | $ 688,085.00 |
| Account No: 8945<br>Creditor # : 4<br>BANK OF AMERICA<br>100 NORTH TRYON STREET<br>NORTHXA CA 28255-0001 | | | | | X | $ 87,149.00 |

___4___ continuation sheets attached    Subtotal $    $ 855,082.00
                                        Total $
(Use only on last page of the completed Schedule F Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07) - Cont.

In re LOPEZ, VALERIE  
_____,  
Debtor(s)

Case No. _____  
(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 3184<br>Creditor # : 5<br>BANK OF AMERICA<br>P.O. BOX 15026<br>WILMINGTON DE 19850-5026 | | | QUIXSTAR | | | | $ 8,420.00 |
| Account No: 0332<br>Creditor # : 6<br>BANK OF AMERICA<br>P.O. BOX 15026<br>WILMINGTON DE 19850 | | | ALASKA AIRLINES | | | | $ 12,745.00 |
| Account No: 6319<br>Creditor # : 7<br>BANK OF AMERICA<br>P.O. BOX 15026<br>WILMINGTON DE 19850 | | | UPROMISE | | | | $ 10,502.00 |
| Account No: 0159<br>Creditor # : 8<br>BARCLEYS BANK AKA JUNIPER<br>P.O. BOX 8803<br>WILMINGTON DE 19899 | | | | | | | $ 31,423.00 |
| Account No: 5668<br>Creditor # : 9<br>CHASE<br>HOME EQUITY LOAN SVCNG<br>P.O. BOX 24714<br>COLUMBUS OH 43224 | | | | | | X | $ 100,886.00 |
| Account No: 0085<br>Creditor # : 10<br>CHASE<br>201 N. WALNUT DE 11027<br>WILMINGTON DE 19801 | | | | | | | $ 35,190.00 |

Sheet No. 1 of 4 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 199,166.00  
Total $  
(Use only on last page of the completed Schedule F Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07) - Cont.

In re LOPEZ, VALERIE
Debtor(s)

Case No. _____ (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See Instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 4185<br>Creditor # : 11<br>DIAMOND<br>P.O. BOX 6000<br>THE LAKES NV 89163 | | | | | | | $~~2,245.00~~ |
| Account No: 6145<br>Creditor # : 12<br>BUSINESS<br>P.O. BOX 6235<br>SIOUX FALLS SD 57117-6235 | | | | | | | $~~2,245.00~~ |
| Account No: 1179<br>Creditor # : 13<br>DISCOVER<br>P.O. BOX 29033<br>PHOENIX AZ 85038 | | | | | | | $ 385.00 |
| Account No: 9753<br>Creditor # : 14<br>DISCOVER<br>P.O. BOX 29033<br>PHOENIX AZ 85038 | | | | | | | $ 2,005.00 |
| Account No: 0742<br>Creditor # : 15<br>EXXON MOBIL<br>P.O. BOX 6497<br>SIOUX FALLS SD 57117 | | | | | | | $ 289.00 |
| Account No: 3216<br>Creditor # : 16<br>HOUSEHOLD FINANCE<br>P.O. BOX 3425<br>BUFFALO NY 14240-9733 | | | | | | | $~~13,614.00~~ |

Sheet No. 2 of 4 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 20,783.00

Total $
(Use only on last page of the completed Schedule F Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07) - Cont.

In re **LOPEZ, VALERIE** _____,                    Case No. _____
                            Debtor(s)                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 0793<br>Creditor # : 17<br>JONATHAN NEIL & ASSOCIATES, INC.<br>C/O BRUCE A. HATKOFF<br>16633 VENTURA BLVD., STE 940<br>ENCINO CA 91436-1801 | | LAWSUIT FILED<br>CASE #30-201000390793<br>CENTRAL JUSTICE CENTER | | | | $ 25,700.00 |
| Account No: 0146<br>Creditor # : 18<br>ORANGE COUNTYS CREDIT UNION<br>P.O. BOX 11777<br>SANTA ANA CA 92711-1777 | | | | | | $ 4,932.00 |
| Account No: 117<br>Creditor # : 19<br>POUCH RECORDS<br>2309 MOORE AVENUE<br>FULLERTON CA 92833 | | | | | | $ 712.00 |
| Account No: 7146<br>Creditor # : 20<br>SEARS CHARGE PLUS<br>P.O. BOX 6283<br>SIOUX FALLS SD 57117-6283 | | | | | | $ 236.00 |
| Account No: 9147<br>Creditor # : 21<br>SEARS/CITIBANK<br>P.O. BOX 6189<br>SIOUX FALLS SD 57117 | | | | | | $ 13,383.00 |
| Account No:<br>Creditor # : 22<br>SMOKEY LANE HOA<br>840 PINNACLE COURT #9<br>MESQUITE NV 89027 | | FRAUD LIEN RE: PROPERTY LOCATED AT:<br>100 PULSIPHER LANE #3113<br>MESQUITE, NV 89027 | | | | $ 1,379.00 |

Sheet No. 3 of 4 continuation sheets attached to Schedule of        Subtotal $       $ 46,342.00
Creditors Holding Unsecured Nonpriority Claims                         Total $
(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related